**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Karl Joshua,

                Plaintiff,

vs.

James Dzurenda, *et al*,

                Defendants.

2:23-cv-01087-MMD-MDC

**ORDER REGARDING MOTIONS**

This order disposes of the following motions submitted by *pro se* plaintiff Karl Joshua and defendants as follows:

(1) Plaintiff's Motion to Disqualify Counsel (ECF No. 31) is DENIED.

(2) Plaintiff's Motion to Exclude Case From Mediation (ECF No. 32) is DENIED.

(3) Defendants' Countermotion To Strike (ECF No. 43) is GRANTED.

(4) Plaintiff's Motion for Appointment of Counsel (ECF No. 33) is DENIED without prejudice.

(5) Plaintiff's Motion for Enlargement of Time to Complete Service (ECF No. 34) is GRANTED.

(6) Plaintiff's Motion to Conduct Discovery and Mental Health Exam (ECF No. 36) is DENIED.

(7) Defendants' Motions for Extension of Time to Respond (ECF Nos. 40 and 44) are GRANTED. The grounds for the Court's decisions are set forth below.

**I.      BACKGROUND**

This is civil action arising under 42 U.S.C. § 1983. *See* ECF No. 6. Plaintiffs brings First, Fourth and Eighth Amendment violation claims. *See* ECF Nos. 6, 13. Plaintiff alleges a First Amendment retaliation claim, a Fourth Amendment unreasonable strip search claim, Eighth Amendment excessive force claims, and Eighth Amendment medical indifference claims. ECF Nos. 6, 13.

//

//

## II. DISCUSSION

**(1) MOTION TO DISQUALIFY COUNSEL (ECF No. 31)**

Plaintiff filed a *Motion to Disqualify Counsel* (ECF No. 31) seeking to "disqualify the Attorney General's Office from representing NDOC defendants." ECF No. 31 at 1.

**A. Legal Standard For Disqualification Of Counsel**

Whether an attorney should be disqualified is an issue of state law. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). "The burden of proof is on the moving party to present sufficient facts justifying disqualification." *United States v. Walker River Irrigation Dist.*, 2006 U.S. Dist. LEXIS 95342, 2006 WL 618823 at *3 (D. Nev. Mar. 10, 2006) (citing *Colyer v. Smith*, 50 F.Supp.2d 966, 967 (C.D. Cal. 1999)). "A motion to disqualify should be accompanied by declarations and admissible evidence sufficient to establish the factual predicate upon which the motion depends." *Colyer*, 50 F. Supp. 2d at 967.

"Motions to disqualify are disfavored and are only granted when 'absolutely necessary.'" *Tate v. Univ. Med. Ctr. of S. Nev.*, 2016 U.S. Dist. LEXIS 14591, at * 2 (D. Nev. Feb. 5, 2016) (internal citations omitted). This is because disqualification "takes away one party's ability to choose his own representation and is often a tactic used to create delay or harassment." *Walker River Irrigation Dist.*, 2006 U.S. Dist. LEXIS 95342, at * 17. "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny*." Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted).

**B. Analysis**

Plaintiff relies on Nevada Revised Statutes ("NRS") 41.0333-41.0339 in support of his motion. ECF No. 31 at 4. Plaintiff argues that "[w]hen a correctional officer acts in bad faith he/she should not receive representation by the Attorney General's Office." *Id.* Based on plaintiff's motion, it seems that the most applicable statute is NRS § 41.0339. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'"). However, "[t]he

language of [NRS 41.0339] does not provide for a post-acceptance, re-analysis of the initial determination of the employee's acts being committed (or omitted) in good faith." *Manley v. Zimmer*, 2013 U.S. Dist. LEXIS 160608, at *6 (D. Nev. Oct. 31, 2013). The Office of the Attorney General has already determined that representation is proper and has not made any indication to the contrary. *See* ECF No. 25. To the extent that plaintiff is reliant on his allegations of bad faith and the Nevada Revised Statutes, NRS 41.0346 provides for withdrawal of representation if there is "[d]iscovery of any fact which indicates that the act or omission on which the civil action is based was not within the course and scope of public duty or employment or was wanton or malicious." Nev. Rev. Stat. 41.0346(1)(d). However, "[t]he statute does not provide a mechanism for an opposing party to make that application…[rather] it is the Office of the Attorney General who determines the scope of representation and whether the representation of a client will cease." *Manley*, 2013 U.S. Dist. LEXIS 160608, at * 7-8. Thus, no statutory basis exists to support plaintiff's request to disqualify defense counsel.  Accordingly, the Court denies plaintiff's motion.

The Court also denies plaintiff's motion per Local Rule 7-2(d) and because plaintiff lacks standing.  Pursuant to LR 7-2(d), "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." Plaintiff provides no "points and authority" other than a general citation the Nevada Revised Statutes and a conclusory assertion that correctional officers' bad faith acts warrant disqualification. *See generally* ECF No. 31.

Pursuant to LR IA 11-7(a)[1], "[a]n attorney admitted to practice under any of these rules must adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as these standards may be modified by this court." As noted above, whether an attorney should be disqualified is an issue of state law. *In re Cnty. of Los Angeles*, 223 F.3d at 995.

---

[1] Defendants reference LR IA 10-7(a) in their opposition, however, the April 2020 version of the Local Rule provides the citation at LR IA 11-7(a).

Under Nevada law, "the party seeking to disqualify an attorney bears the burden of establishing that it has standing to do so." *State ex rel. Cannizzaro v. First Jud. Dist. Ct. in & for Cnty. of Carson City*, 136 Nev. 315, 466 P.3d 529, 531-32 (Nev. 2020) (internal quotations omitted). "The general rule is that only a former or current client has standing to bring a motion to disqualify counsel on the basis of a conflict of interest." *Id.* Here, plaintiff has not established standing as he has not represented that there was any former or currently has an attorney-client relationship with the Office of the Attorney General. Because plaintiff has failed to establish that there exists a conflict, he lacks standing. Thus, the Court also denies the motion on these grounds.

**(2) MOTION TO EXCLUDE CASE FROM MEDIATION (ECF No. 32)**

Plaintiff seeks to exclude his case from future mediations as he "believes from this point forward that there is no basis to hold any further mediation or settlement conferences" since parties were unable to reach settlement during the June 2024 Inmate Early Mediation (IEM). *See* ECF No. 32 at 2. The Court finds that this motion is premature as there are no mediations scheduled. Furthermore, plaintiff failed to provide any points and authorities to support what seems like a request for a blanket order to preclude any further settlement or mediation attempts. *See* LR 7-2(a) (A "motion must be supported by a memorandum of points and authorities."). Therefore, the Court denies the motion on these grounds. *See* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").

**(3) COUNTERMOTION TO STRIKE (ECF No. 43)**

Defendants countermove (ECF No. 43) to strike plaintiff's *Motion to Exclude Case from Mediation* (ECF No. 32) because it discusses offers made during settlement. While Defendants move to strike the motion under Rule 408 of the Federal Rules of Civil Procedure, Local Rule ("LR") 16-5 is more directly on point. That rule states "[u]nless otherwise agreed by the parties or ordered by the court, no disclosure may be made to anyone, including the judicial officer to whom the case is assigned, of any confidential dispute-resolution communication that reveals the parties' dispute-resolution positions or

the evaluating magistrate judge's advice or opinions." *See* LR 16-5. There is no indication that the Court has ordered disclosure of such communication nor is there any evidence that defendants agreed to such disclosure. Therefore, plaintiff's motion was filed in violation of LR 16-5 and the Court grants defendants' countermotion to strike.

**(4) MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 33)**

  **A. Legal Standard For Appointment Of Counsel**

  A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of plaintiff's success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues"). Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), citing *Wilborn, supra*, 789 F.2d at 1331.

  **B. Analysis**

  Plaintiff seeks appointment of counsel, arguing that he meets the "exceptional circumstances" standard. ECF No. 33. Plaintiff argues that (1) he is "not the author of any of the pleadings that have been filed;" (2) he is "unlearned in the reading, writing, and complex procedural aspects of following court rules;" (3) he is indigent; and (4) he has a likelihood of success on the merits and an inability to articulate his claims. ECF No. 33 at 2. Plaintiff also seems to argue that the nature of his claims and his

current inability to access the law library warrant appointment of counsel. *Id.* at 3. The rest of plaintiff's Motion appears to be cut off. *Id.*

Plaintiff's claims are common to most prisoners. *See Forner v. Scally*, 2023 U.S. Dist. LEXIS 107902, at *3 (D. Nev. June 23, 2023) (citing *Baker v. Macomber*, 2020 U.S. Dist. LEXIS 43470, at *3 (E.D. Cal. Mar. 12, 2020)) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"); *see also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Thus, plaintiff has failed to demonstrate exceptional circumstances at this juncture. Accordingly, the Court denies plaintiff's motion without prejudice.

**(5) MOTION FOR ENLARGEMENT OF TIME TO COMPLETE SERVICE (ECF No. 34)**

**A.   Legal Standard**

Pursuant the Rule 4(m) of the Federal Rules of Civil Procedure, service must be completed within 90 days after the complaint is filed. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* An incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint. *See* 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3). For this rule to apply, the prisoner must (1) "request that the marshal serve [the] complaint," *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991), and (2) "furnish[ ] the information necessary to identify the defendant," *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Where the prisoner has met these conditions, the reliance on the marshals to effect service is "good cause" within the meaning of Fed. R. Civ. P. 4(m). *See Walker*, 14 F.3d at 1422.

//

//

**B.     Analysis**

There are two requests within this *Motion for Enlargement of Time* (ECF No. 34). First, plaintiff requests additional time to serve the unserved defendants because of his recent transfer and the "emergency lockdown." ECF No. 34. Second, plaintiff appears to request assistance in serving the unserved defendants. *Id.* Plaintiff does not identify the unserved defendants. Based on the Court's review of the docket, the Court assumes that the unserved defendants are Gerareo Bancalari and Dahiran Leon. The Office of the Attorney General did not accept service on behalf of these two defendants (*See* ECF No. 25).[2]

Plaintiff is an incarcerated individual. The Court recognizes the difficulties of an incarcerated individual in completing service. The Court will assist plaintiff in completing service and direct the U.S. Marshals to complete service on plaintiff's behalf. The Court grants plaintiff an additional **60 days** from the date of this order to complete service. The Court does not address whether the plaintiff may file a second amended complaint at this time.

**(6)  MOTION TO CONDUCT DISCOVERY AND MENTAL HEALTH EXAM (ECF No. 36)**

Plaintiff filed a *Motion to Conduct Discovery and Mental Health Examination on Defendants* (ECF No. 36). The motion requests leave to conduct discovery and a mental health examination on defendants. *Id.*

**A.     Legal Standard**

Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which reads in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

---

[2] If there are other unserved defendants, plaintiff should file a new Motion specifying who still remains to be served.

>outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Rule 34 provides that a party may serve on another a request for production of documents, electronically stored information, or tangible things within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Where a party fails to produce documents requested under Rule 34, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, or supporting its objections." *Reflex Media Inc. v. Does*, 2022 U.S. Dist. LEXIS 243662, at *4, 2022 WL 20328162, at *2 (D. Nev. Aug. 25, 2022) (citing *Garces v. Pickett*, 2021 U.S. Dist. LEXIS 49438, 2021 WL 978540, at *2 (E.D. Cal. Mar. 16, 2021)) (citations omitted). The opposing party is "required to carry a heavy burden of showing why discovery was denied." *Id*. (citation omitted). The opposing party must show that the discovery request is overly broad, unduly burdensome, irrelevant, or disproportional in light of the issues at stake. *See* Fed. R. Civ. P. 26(b)(2)(C); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir.1992). The opposing party must specifically detail the reason why the request is improper. *Beckman Indust.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

Rule 35 of the Federal Rules of Civil Procedure provides that for good cause shown, the Court "may order a party whose mental or physical condition…is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). Rule 35 is liberally construed in favor of granting discovery. *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). To justify the examination, the movant must show that (1) the person to be examined placed their mental or physical condition in controversy and (2) good cause exists. *Id.* at 118-119. "A [person's] mental or physical condition is in controversy when the condition is the subject

of the litigation." *Snipes v. United States*, 334 F.R.D. 667, 669 (N.D. Cal. 2020) (citing *Haqq v. Stanford Hospital & Clinics*, 2007 WL 1593224, at *1 (N.D. Cal. June 1, 2007)). "Good cause generally requires a showing of specific facts justifying the exam." *Mendoza v. City of Peoria*, 2013 WL 5705365, at *2 (D. Ariz. Oct. 21, 2013) (citing *Haqq*, 2007 WL 1593224, at *1). "If the Court chooses to grant a motion for an examination, the order 'must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.'" *Delvecchia v. Frontier Airlines, Inc.*, 2023 WL 1963162, at *2 (D. Nev. Feb. 13, 2023) (citing Fed. R. Civ. P. 35(a)(2)(B)).

### B. Analysis

The Court denies plaintiff's motion for several independent reasons. First, the Court denies plaintiff's motion because, like his other motions, plaintiff failed to provide points and authorities in support of this motion. *See* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").

The Court also denies plaintiff's motion because he failed to meet and confer as required by Local Rules ("LR") 26-6 and LR IA 1-3(f). The relevant portions of LR 26-6 and LR IA 1-3 provide:

> Discovery motions will not be considered unless the movant (1) has made a good-faith effort to **meet and confer** as defined in LR IA 1-3(f) before filing the motion, and (2) **includes a declaration** setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

LR 26-6(c) (emphasis added).

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. **This requirement is reciprocal and applies to all participants.** Unless these rules or a court order provide otherwise, this requirement may only be satisfied through **direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference.** The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.[3]

---

[3] LR IA 1-3(f)(1) provides an exception to the face-to-face meeting requirement for incarcerated individuals appearing pro se.

LR IA 1-3(f) (emphasis added).

> A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

LR IA 1-3(f)(2).

There is no evidence that plaintiff satisfied these requirements. Plaintiff failed to provide a declaration detailing any meet-and-confer efforts. As a prisoner, plaintiff can fulfill the meet-and-confer requirements through written communication. *See* LR IA 1-3(f)(1) ("The requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication.").

Third, plaintiff's request to conduct discovery is moot. Plaintiff seems to request the opportunity to conduct discovery, arguing that it is of "upmost importance that [he] be able to conduct discovery." ECF No. 36. However, plaintiff is reminded that a Scheduling Order (ECF No. 29) has already been entered providing him the opportunity to conduct discovery. To the extent that plaintiff may somehow seek responses to written discovery, he must first serve such discovery upon defendants.

Finally, plaintiff's request to conduct a mental health examination of defendants is denied. Plaintiff failed to establish that a mental health examination of the defendants is appropriate. Plaintiff has neither alleged nor shown that defendants' mental health is in controversy. That is, plaintiff has not alleged that the any of the defendant's mental condition is the subject of the litigation. *See Snipes*, 334 F.R.D. at 669. Conclusory allegations that defendants' "actions were of a sociopathic and maniacal nature, or of such depraved state of mind that they need to be evaluated" is insufficient.

//

//

//

**(7) MOTIONS FOR EXTENSION OF TIME TO RESPOND (ECF Nos. 40, 44)**

Also pending are defendants' *Motions for Extension of Time to Respond* (ECF Nos. 40, 44). These motions request an extension of time to respond to plaintiff's motion for leave to amend. For good cause shown, the Court grants the motions *nunc pro tunc.*

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Disqualify Counsel* (ECF No. 31) is DENIED.

2. The *Countermotion to Strike* (ECF No. 43) is GRANTED.

3. The *Motion to Exclude Case from Mediation* (ECF No. 32) is DENIED and STRICKEN.

4. The *Motion for Appointment of Counsel* (ECF No. 33) is DENIED without prejudice.

5. The *Motion to Conduct Discovery and Mental Health Exam* (ECF No. 36) is DENIED.

6. The *Motion for Enlargement of Time to Complete Service* (ECF No. 34) is GRANTED.

    a. Plaintiff must complete service within 60 days from the date of this Order **or** file a motion to extend time for service explaining why service hasn't been completed and that good cause exists for the extension.

    b. The Clerk of Court shall issue summonses for defendants (1) Gerareo Bancalari and (2) Dahiran Leon, and deliver the same, to the U.S. Marshal with the address provided under seal at ECF No. 27.

    c. The Clerk of Court shall send sufficient copies of the Operative Complaint (ECF No. 6); the Screening Order (ECF No. 13); and this Order to the U.S. Marshal for service on defendant defendants (1) Gerareo Bancalari and (2) Dahiran Leon at the addresses provided under seal at ECF No. 27.

    d. The Clerk of Court is directed to send to plaintiff two copies of the USM-285 forms.

      e. Plaintiff has 20 days within which to furnish to the U.S. Marshal the required USM-285 forms and return it to the U.S. Marshal, 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, NV 89101.

      f. Within 20 days after plaintiff receives a copy of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the Court stating if defendant was served.

      g. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

7. The *Motion for Extension of Time* (ECF No. 40) is GRANTED *nunc pro tunc*.

8. The *Motion for Extension of Time* (ECF No. 44) is GRANTED *nunc pro tunc*.

DATED this 18th day of October 2024.

IT IS SO ORDERED.

                                                        _____
                                                        Hon. Maximiliano D. Couvillier III
                                                        United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.