UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Karl Joshua,<br><br>             Plaintiff,<br><br>vs.<br><br>Ronald Oliver, *et al*.,<br><br>             Defendants. | 2:23-cv-01087-MMD-MDC<br><br>**ORDER GRANTING MOTION TO AMEND** |

Pending before the Court is *pro se* plaintiff Karl Joshua's *Motion for Leave to File Second Amended Complaint* ("Motion to Amend") (ECF No. 35) and *Motion for Leave to File Excess Pages* (ECF No. 47). For the reasons stated below, the Court GRANTS the Motion to Amend.

**DISCUSSION**

**I.  BACKGROUND**

This is a civil action arising under 42 U.S.C. § 1983. *See* ECF No. 6. Plaintiff initially filed this action on July 13, 2023. Plaintiff filed a First Amended Complaint before the Court issued a screening order on his original complaint. ECF No. 6. The Court screened plaintiff's First Amended Complaint and found plaintiff plausibly pled First, Fourth and Eighth Amendment violation claims. *See* ECF Nos. 6, 13. Plaintiff was allowed to proceed on his First Amendment retaliation claim, a Fourth Amendment unreasonable strip search claim, Eighth Amendment excessive force claims, and Eighth Amendment medical indifference claims. ECF Nos. 6, 13. More specifically, the screening order stated:

> It is [] ordered that the **First Amendment retaliation claim** may proceed against J. Pena, Portilla, Leon Dahiran, Rodney Jefferson, Thurston Moore, R. Cazares, Ronald Oliver, and James Scalley.
> It is further ordered that the **Fourth Amendment harassing strip-search claim** may proceed against Portilla, Rodney Jefferson, Thurston Moore, Ronald Oliver, and James Scalley.
> It is further ordered that the **Eighth Amendment excessive-force claim** regarding the **October 18, 2022, incident** may proceed against R. Cazares, Ronald Oliver, and James Scalley.

> It is further ordered that the **Eighth Amendment excessive-force claim** regarding the **undated gassing incident** may proceed against R. Cazares, Banclari, Finley, Ronald Oliver, and James Scalley.
> […]
> It is further ordered that the **Eighth Amendment medical-indifference claim regarding chronic conditions** may proceed against J. Pena, Portilla, Sanchez, Ronald Oliver, and James Scalley. This claim may also proceed against the John Doe officer and medical staff when Joshua learns their true names and moves to substitute them as defendants in this action.
> It is further ordered that the **Eighth Amendment medical-indifference claim regarding injuries** may proceed against Cazares and Finley. This claim may also proceed against medical staff when Joshua learns their true names and moves to substitute them as defendants in this action.

ECF No. 13 at 21-22.

The Court dismissed some of plaintiff's claims with leave to amend and gave plaintiff 30-days to file an amended complaint. ECF No. 21-23. The Court also dismissed a few defendants but did so without prejudice. *See* ECF No. 13 at 22 ("…James Dzurenda, Patrick Moreda, Jay Barth, Benjamin Estill, Garcia, Gomez, Nurse Jamie, and Rodriguez are dismissed without prejudice from this action."). Plaintiff did not file an amended complaint and the Court allowed plaintiff to proceed on the above claims. Thereafter, the case was stayed pending the Early Mediation Conference. ECF No. 15. The Court lifted the stay after parties failed to settle and the case proceeded on normal litigation track. *See* ECF Nos. 19, 21. On August 20, 2024, the Court entered a Discovery Scheduling Order. *See* ECF No. 29.

Defendants filed their Answer to the First Amended Complaint on August 16, 2024. ECF No. 28. Plaintiff now seeks to file a Second Amended Complaint. ECF No. 35. Plaintiff seeks to add over 20 new defendants and at least three new causes of action. *Id.* In response to plaintiff's Motion (ECF No, 35), defendants assert that it is the Court's obligation to screen plaintiff's proposed Second Amended Complaint. ECF No. 48. Defendants' position is not reasonable and, more importantly, defendants failed to meet their burden under LR 7-2(d), FRCP 15, and *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) and its progeny.

//

## II. LEGAL STANDARD

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, once a party has amended its pleadings as a matter of course, subsequent amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain,*, 754 F.3d at 1154 (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877, 880 (9th Cir. 1999).

## III. ANALYSIS

### A. The PLRA Only Mandates Early Judicial Screening

As stated above, plaintiff seeks to include additional defendants and claims in his proposed Second Amended Complaint. Defendants do not actually oppose the motion, addressing the standards under Rule 15 or *Desertrain,* 754 F.3d at 1154. *See e.g.,* ECF No. 48 at 12:14-18. Instead, defendants' attempt to shift the burden upon the Court, arguing that the Court is "obligated" to screen plaintiff's

proposed Second Amended Complaint per the Prison Litigation Reform Act. *See generally* ECF No. 48. Defendants' argument and position is not reasonable and falls within the failure to respond standard under LR 7-2(d). Foremost, defendants' argument is contrary to the numerous authorities from ***this***[1] District which hold that the Prison Litigation Reform Act ("PLRA") does not obligate the Court to screen every proposed amended complaint. *See Anderson v. Nevada*, 2023 U.S. Dist. LEXIS 141077, *3 (D. Nev. March 8, 2023) ("However, screening is not required, either explicitly or implicitly, [] every time a plaintiff seeks to amend the complaint.") (internal quotations and citations omitted); *Taylor v. Nevada*, 2023 U.S Dist. LEXIS 202703 (D. Nev. Nov. 9, 2023); *Rodriguez v. Dzurenda*, 2019 U.S. Dist. LEXIS 251442, *2 (D. Nev. June 14, 2019) ("At this stage of the case, the court will not screen plaintiff's amended complaint, nor is it mandated to do so."); *Olausen v. Murguia*, 2014 U.S. Dist. LEXIS 159941, *6 (D. Nev. Nov. 12, 2014) ("Just because a court has authority to dismiss the case at any time does not mean it is compelled to re-screen every proposed amended complaint filed after the initial pre-answer screening."); *Caballero v. Arans*, 2020 U.S. Dist. LEXIS 113850, *5 (D. Nev. June 29, 2020) ("The screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint."). *Caballero* stated further that 28 USCS § 1915A(a) "could not be clearer as to the timing of the mandatory screening. A court must screen *'before docketing*, if feasible or, in any event, as soon as practicable after docketing.'" *Id.,* 2020 U.S. Dist. LEXIS 113850, at *5 (emphasis added). This case is long past the docketing stage, and defendants have previously answered plaintiff's prior complaint and a discovery scheduling order has been entered. *See* ECF Nos. 28 and 29.

---

[1] To be sure, defendants do not cite to any District of Nevada authorities that supports their argument that the PLRA mandates screening every proposed amended complaint. As to the authorities defendants cited, they are unclear whether the rescreening occurred during the pre-answer stage or after defendants have answered. In any event, screening an amended complaint after a court gives leave to amend is different from the scenario where defendants have appeared, answered the original complaint, and thereafter the plaintiff seeks further amendment via a motion to amend. *See Caballero*, 2020 U.S. Dist. LEXIS 113850, at *7.

Indeed, the Courts in this district have denied similar motions to screen filed by defense counsel over the past several years.

In *Anderson v. Nevada*[2], the defendants (represented by the Nevada Office of the Attorney General) ("OAG") filed a similar *Motion for Screening* (ECF No. 51). Case No. 2:21-cv-00514-APG-EJY, 2023 U.S. Dist. LEXIS 141077 (D. Nev. March 8, 2023). Defendants in *Anderson* (who had not filed an answer to the original complaint as the defendants here) similarly argued that PLRA mandated screening. The Court disagreed, holding that the PLRA does not mandate screening every time plaintiff files an Amended Complaint. *Id.,* 2023 U.S. Dist. LEXIS 141077 at *4 ("screening is not required, 'either explicitly or implicitly, ... every time a plaintiff seeks to amend the complaint.'").

The OAG also raised similar arguments in *Olausen v. Murguia*, when they objected to the Magistrate Judge's Report and Recommendation that rejected their position that the Court is obligated to screen every proposed amended complaint under the PLRA. *Id.,* Case No. 2:13-cv-00388-MMD-VPC at ECF No. 91. The District Judge denied defendants' objection and (again) confirmed this District's position that Courts are not obligated to screen every proposed amended complaint. The District Judge clearly and unambiguous stated:

> Defendants cite to three district court cases from other districts, two of which are unpublished…to show that these courts confirm that, pursuant to 28 U.S.C. § 1915A, an amended complaint must undergo judicial screening…. The Court respectfully disagrees with the court in Defendants' cited decision of Zimmerman v. Hoard, 5 F. Supp. 2d 633, 635 (N.D. Ind. 1998), where the court stated that it was required to screen prisoners' proposed amended complaints. **To clarify, courts in this district screen complaints and amended complaints at the pre-answer stage**. In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond. This practice falls within the PLRA's mandate for 'early judicial screening'…. To be sure, this Court has screened subsequent proposed amended complaints after defendants have made an appearance, but the

---

[2] See United States District Court, District of Nevada, Case No. 2:21-cv-00514-CDS-EJY

> decision to engage in post-answer court screening is made on a case-by-case basis. **Thus, the fact that some of Defendants' cited decisions refer to screening of an amended complaint does not necessarily show that the screening court viewed its duty to screen as mandatory and not discretionary. Nor do those decisions require this Court to screen Plaintiff's proposed amended complaint**.
>
> ****
>
> Defendants also rely on 42 U.S.C. § 1997e(c)(1) to support their argument that post-answer screening is mandatory in this case.…However, § 1997e(c)(1) does not address — let alone compel — post-answer screening. It gives a court the authority to dismiss an action *sua sponte*; it does not mandate that a court re-screen in response to a motion to amend filed post-answer and mid-litigation.

*Olausen*, 2014 U.S. Dist. LEXIS 159941, at *13-15 (D. Nev. Nov. 12, 2014) (emphasis added).

In *Taylor v. Nevada*[3], defendants (again represented by the OAG) filed a *Motion to Strike* (ECF No. 29) defendants' amended complaint. *Id.,* Case No., 2:21-cv-02011-RFB-VCF, 2023 U.S Dist. LEXIS 202703 (D. Nev. Nov. 9, 2023). Like the defendants here, the defendants in *Taylor* argued the Court "must" screen plaintiff's subsequent pleadings under the PLRA. *Compare* Defs.' *Motion to Strike* at ECF No. 29, pp. 3-5 in Case No., 2:21-cv-02011-RFB-VCF (*Taylor*) with Defs.' *Opposition* in this matter at ECF No. 48, pp. 3-5. The *Taylor* Court (again) rejected the argument that the Court was required to screen subsequent pleadings and instructed defense counsel to file a motion opposing amendment.

> I also caution defendants' counsel, however, that if plaintiff files a motion for leave to amend, they must also respond to the motion in the ordinary course. Defendants' counsel argues in its motion to strike that the court must screen amended complaints from prisoners. That is true of prisoner cases in the early stages of litigation, but the court is not obligated to screen the complaint at this late stage in the case.

*Taylor*, 2023 U.S. Dist. LEXIS 202703, at *2. This case is also past the early stages, particularly since defendants answered plaintiff's prior complaint and a discovery scheduling order has been entered. *See* ECF Nos. 28 and 29.

---

[3] See United States District Court, District of Nevada, Case No. 2:21-cv-02011-RFB-MDC

Notwithstanding this District Court's numerous, previous rejections of the defense argument that the Court is "obligated" to screen subsequent complaints under the PLRA, and particularly *Taylor's* rejection, the defendants here inexplicably restate, almost verbatim the very same arguments that *Taylor* clearly rejected. *Compare* Defs.' *Motion to Strike* at ECF No. 29, pp. 3-5 in Case No., 2:21-cv-02011-RFB-VCF (*Taylor*) with Defs.' *Opposition* in this matter at ECF No. 48, pp. 3-5:

| Defs.' *Motion to Strike,* ECF No.29, in *Taylor* | Defs.' *Opposition* in this matter at ECF No.48 |
|---|---|
| **B. Taylor's Amended Complaint Must Be Screened** This Court remains obligated under 28 U.S.C § 1915(e)(2), and 28 U.S.C. § 1915(a), and 42 U.S.C § 1997e(c) to screen Taylor's proposed amended complaint and dismiss any claims that are frivolous, malicious, fail to adequately state a claim, or seek monetary relief from a Defendant who is immune. "District Courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners."[20] In *Olivas v. Nevada ex. Rel Department of Corrections,*[21] the Ninth Circuit noted that it was appropriate to rely on the plain language of the Prison Litigation Reform Act (PLRA) text when interpreting its provisions.[22] 28 U.S.C. § 1915A(a) provides that courts "*shall* review, before docketing, if feasible, or in any event, *as soon as practicable after docketing,* a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" (emphasis added). In *McGore v. Wrigglesworth,*[23] the Sixth Circuit relied on this language to hold that [a] district court is required to screen *all* civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, *or is represented by counsel* as the statute does not differentiate between various civil actions brought by prisoners.[24] It is clear from the text of the PLRA that the purpose for screening is to ensure that the claims alleged are not "frivolous" or "malicious," and also to ensure that they "state a claim upon which relief may be granted."[25] In *Jones v. Bock,*[26] the Supreme Court held that the PLRA "in order to address the large number of prisoner complaints filed in federal court, mandates judicial screening of prisoner complaints" not that the Court is *only* mandated to screen prisoner complaints at the "pre-answer" stage (emphasis added). While the Court in *Nordstrom v. Ryan,*[27] addressed the narrow issue of the Court's screening of a prisoner complaint at the *pre-answer* stage, they did not address the Court's further requirement to screen amended complaints (emphasis added). The Court in *Nordstrom* even cites to the purpose of the PLRA, noting that the purpose of § 1914A is "to ensure that the targets of frivolous or malicious suits need not bear the expense of responding."[28] Additionally, the following courts have held, either in published or unpublished opinions, that amended complaints are required to be screened under the PLRA:[29] The Eastern District of Tennessee, North Division;[30] The Eastern District of Wisconsin;[31] The Western District of Wisconsin;[32] The Central District of California;[33] The Eastern District of California;[34] and The Northern District of Indiana, Hammond Division.[35] More specifically, the Northern District of Indiana case of *Zimmerman v. Hoard*[36] states this plain and common sense duty most clearly, as it held, unambiguously that § "1915A . . . requires the court to screen proposed amended complaints submitted by prisoners." | **B. Joshua's Amended Complaint Must Be Screened** This Court remains obligated under 28 U.S.C § 1915(e)(2), and 28 U.S.C. § 1915(a), and 42 U.S.C § 1997e(c) to screen Joshua's proposed amended complaint and dismiss any claims that are frivolous, malicious, fail to adequately state a claim, or seek monetary relief from a Defendant who is immune. "District Courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). In *Olivas v. Nevada ex. Rel Department of Corrections*, 856 F.3d 1281 (9th Cir. 2017), the Ninth Circuit noted that it was appropriate to rely on the plain language of the Prison Litigation Reform Act (PLRA) text when interpreting its provisions. *Id.* at 1284; *see also Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009) (relying on the "express language" of the PLRA provisions at issue in that case). 28 U.S.C. § 1915A(a) provides that courts "*shall* review, before docketing, if feasible, or in any event, *as soon as practicable after docketing,* a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" (emphasis added). In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the Sixth Circuit relied on this language to hold that- [a] district court is required to screen *all* civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, *or is represented by counsel* as the statute does not differentiate between various civil actions brought by prisoners. *McGore*, 114 F.3d at 608 (emphasis added). It is clear from the text of the PLRA that the purpose for screening is to ensure that the claims alleged are not "frivolous" or "malicious," and also to ensure that they "state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that the PLRA "in order to address the large number of prisoner complaints filed in federal court, mandates judicial screening of prisoner complaints" not that the Court is *only* mandated to screen prisoner complaints at the "pre-answer" stage. While the Court in *Nordstrom v. Ryan*, 762 F.3d 903, 906, 907 & n.1 (9th Cir. 2014), addressed the narrow issue of the Court's screening of a prisoner complaint at the *pre-answer* stage, they did not address the Court's further requirement to screen amended complaints. The Court in *Nordstrom* even cites to the purpose of the PLRA, noting that the purpose of § 1914A is "to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Id.* at 907 n. 921; *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012). Additionally, the following courts have held, either in published or unpublished opinions, that amended complaints are required to be screened under the PLRA:[1] The Eastern District of Tennessee, North Division;[2] The Eastern District of Wisconsin;[3] The Western District of Wisconsin;[4] The Central District of California;[5] The Eastern District of California;[6] and The Northern District of Indiana, Hammond Division.[7] More specifically, the Northern District of Indiana case of *Zimmerman v. Hoard*[8] states this plain and common sense duty most clearly, as it held, unambiguously that § "1915A . . . requires the court to screen proposed amended complaints submitted by prisoners."). |

Defendants' continued reliance on *Espinosa v. Stogner*, 2017 U.S. Dist. LEXIS 199443 (D. Nev. Dec. 4, 2017) for the proposition that a court is required to screen an amended complaint is also unreasonable. *Espinosa* addressed screening an amended complaint to determine whether such amendment cured the deficiencies of the original complaint identified in the original screening order. *Id.*, 2017 U.S. Dist. LEXIS 199443, at *2 ("Upon screening, the Court…dismissed the federal claims with leave to amend…. An inspection of the FAC [amended complaint] indicates that Plaintiff did not cure the deficiencies identified in the screening order."). Indeed, the *Espinosa* decision identifies such narrow circumstances:

> The remaining question is whether a district court is required to screen amended complaints…under §§ 1915 and/or 1915A, either generally, or at least **where amendment has been required due to a deficiency noted during screening of the original complaint**, as here.

*Id.,* 2017 U.S. Dist. LEXIS 199443, at *3-4 (emphasis added).

This distinction has been previously recognized by other District decisions. In *Peck v. Nevada*, the Magistrate Judge noted that "[t]he *Espinosa* court held that the Court must screen an amended complaint after the court required the plaintiff to amend due to a deficiency noted during screening of the original complaint." *Id.,* 2:18-cv-00237-APG-VCF, 2020 U.S. Dist. LEXIS 167960, at *4 (D. Nev. Sep. 14, 2020). In *Caballero*, the Magistrate Judge similar observed *Espinoza's* narrow operation:

> Next, Mitchell discusses *Espinosa v. Stogner*, a case in which the District Court held that screening was required in a case where amendment has been required due to a deficiency noted during screening of the original complaint.... Espinosa is distinguishable from the present case, as Caballero was not explicitly granted leave to amend in the original screening order.

*Caballero*, 2020 U.S. Dist. LEXIS 113850, at *5-6. *See also, e.g., Olausen*, 2014 U.S. Dist. LEXIS 159941, at *13 ("In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond.").

As has been previously summarized, "[c]onstruing the PLRA to require court screening of every amended complaint, regardless of how far a case has progressed would increase, not reduce, the burden on federal courts." *Rodriguez,* 2019 U.S. Dist. LEXIS 251442, at *3 (citing *Olausen,* 2014 U.S. Dist. LEXIS 159941, at 7).

It is not reasonable to continue to argue to our District Courts that they are obligated to screen every subsequent complaint under the PLRA. To the extent that it may be occurring, defense counsel must stop filing recycled briefs or portions thereof which repeat such rejected arguments.

**B. Defendants Failed To Show That This Proposed Complaint Warrants Screening**

Defendants failed to show the Court should exercise its discretion to screen plaintiffs' amended complaint. The decision to screen post-answer complaints is **<u>discretionary, on a case-by-case basis</u>**. *See Olausen*, 2014 U.S. Dist. LEXIS 159941, at *13-14 ("To be sure, this court has screened subsequent proposed amended complaints after defendants have made an appearance, but this decision to engage in post-answer screening is made on a case-by-case basis."); *see also Caballero*, 2020 U.S. Dist. LEXIS 113850, at *6-7 (To clarify, courts in this district screen complaints and amended complaints at the pre-answer stage….The decision to engage in post-answer screening is made on a case-by-case basis."). Defendants did not address' the Court's discretion and did not persuade the Court to exercise its discretion to screen plaintiff's proposed amended complaint. Nor will the Court do so *sua sponte*.

**C. Defendants Failed To Comply With LR 7-2(d)**

LR 7-2(d) provide that "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion." *Id.* Defendants' opposition (ECF No. 48) falls within LR 7-2(d) because defendants attempted to shift their burden opposing plaintiff's motion and proposed amendment by arguing the Court is obligated to screen plaintiff's proposed amended complaint, *e.g*, "Joshua's second amended complaint is a prime example of why the Court must screen all amended complaints by inmates…..Defendants respectfully request that this court screen this proposed second amended complaint." *See* ECF No. 48 at 12-14-18. As

discussed above, the Court is not obligated to screen plaintiff's proposed amended complaint and defendants failed to demonstrate why this matter should be one of the "case-by-case" situations where the Court should exercise its discretion to screen.

If defendants intend to file a motion to dismiss in response to plaintiff's amended complaint, they must do so without relying on the Court to screen the complaint for them at this post-answer stage.

**IV. NOTICE OF APPEARANCE**

The Court notes that there is no *Acceptance of Service* by the Office of the Attorney General for defendants Leon Dahiran and Gerareo Banclari. On August 16, 2024, the Office of the Attorney General filed an *Acceptance of Service* for several defendants. ECF No. 25. However, the Office of the Attorney General did not accept service on behalf of defendants Dahiran and Banclari. *Id.* Defendant's Answer to the Amended Complaint, did not include defendants Dahiran and Banclari. *See* ECF No. 28. However, in responding to plaintiff's Motion to Extend Time and several other motions, the Office of the Attorney General responded on behalf of defendants Dahiran and Banclari. *See e.g.*, ECF Nos. 37, 38, 39. It is unclear whether the Office of the Attorney General intends to accept service on behalf of defendants Dahiran and Banclari. Therefore, the Court will Order the Office of the Attorney General to clarify the confusion.

//
//
//
//
//
//
//
//
//

## V. CONCLUSION

The Court is not obligated to screen plaintiff's Second Amended Complaint and declines its discretion to do so. Because defendants have failed to substantively respond to plaintiff's Motion to Amend, the Court finds good cause to grant the Motion.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Amend* (ECF No. 35) is **GRANTED**.

2. The Clerk of Court is kindly directed to detach and file plaintiff's proposed Second Amended Complaint (ECF No. 35-1) on the docket.

3. The *Motion for Leave to File Excess Pages* (ECF No. 47) is **GRANTED**.

4. The Office of the Attorney General is directed to clarify whether it is accepting service on behalf of defendants Dahiran and Banclari, and if so, file a formal *Acceptance of Service*.

DATED this 25th of November 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.