UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Karl Joshua,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Ronald Oliver, et al.,<br><br>　　　　　　Defendant(s). | 2:23-cv-01087-MMD-MDC<br><br>**ORDER AMENDING ECF No. 58 AND GRANTING IN PART and DENYING IN PART PLAINTIFF's MOTION TO AMEND COMPLAINT (ECF No. 35); and**<br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 66)** |

On November 25, 2024, I entered an Order (ECF No. 58) granting plaintiff's Motion to Amend (ECF No. 35). On December 10, 2024, defendants filed an Objection (ECF No. 62) to my 11/25/24 Order. On January 27, 2025, District Judge Miranda Du sustained in part defendants' Objection and requested that I address defendants' merits-based arguments in their opposition (ECF No. 48) to plaintiff's Motion to Amend. On March 7, 2025, I held a hearing on defendants' merits-based arguments in their opposition (ECF No. 48) and have furthered considered such arguments. For the reasons stated below, I amend my previous Order (ECF No. 58) and now GRANT IN PART and DENY IN PART plaintiff's Motion to Amend (ECF No. 35). I also DENY plaintiff's *Motion for Appointment of Counsel* (ECF No. 66).

**DISCUSSION**

**I. BACKGROUND**

This is civil action arising under 42 U.S.C. § 1983. Plaintiffs brings First, Fourth and Eighth Amendment violation claims. Plaintiff alleges a First Amendment retaliation claim, a Fourth Amendment unreasonable strip search claim, Eighth Amendment excessive force claims, and Eighth Amendment medical indifference claims.

On February 8, 2024, the district judge issued a screening order, dismissing some of plaintiff's claims and allowing him to proceed on the rest. *See ECF No. 13*. The screening order states:

It is [] ordered that the **First Amendment retaliation claim** may proceed against J. Pena, Portilla, Leon Dahiran, Rodney Jefferson, Thurston Moore, R. Cazares, Ronald Oliver, and James Scally .

It is further ordered that the **Fourth Amendment harassing strip-search claim** may proceed against Portilla, Rodney Jefferson, Thurston Moore, Ronald Oliver, and James Scally .

It is further ordered that the **Eighth Amendment excessive-force claim** regarding the **October 18, 2022, incident** may proceed against R. Cazares, Ronald Oliver, and James Scally .

It is further ordered that the **Eighth Amendment excessive-force claim** regarding the **undated gassing incident** may proceed against R. Cazares, Banclari, Finley, Ronald Oliver, and James Scally .

It is further ordered that the **Eighth Amendment excessive-force claim** regarding the **November 2, 2022**, incident is <u>dismissed with leave to amend</u>.

It is further ordered that the **Eighth Amendment medical-indifference claim regarding chronic conditions** may proceed against J. Pena, Portilla, Sanchez, Ronald Oliver, and James Scally . This claim may also proceed against the John Doe officer and medical staff when Joshua learns their true names and moves to substitute them as defendants in this action.

It is further ordered that the **Eighth Amendment medical-indifference claim regarding injuries** may proceed against Cazares and Finley. This claim may also proceed against medical staff when Joshua learns their true names and moves to substitute them as defendants in this action.

It is further ordered that the **Eighth Amendment sexual assault claim** is <u>dismissed with leave to amend.</u>

It is further ordered that the **Fourteenth Amendment due-process claim** about the **disciplinary hearing** is <u>dismissed with leave to amend.</u>

It is further ordered that the **claims under the theory of conspiracy** to violate civil rights are <u>dismissed with leave to amend.</u>

It is further ordered that James Dzurenda, Patrick Moreda, Jay Barth, Benjamin, Estill, Garcia, Gomez, Nurse Jamie, and Rodriguez are dismissed without prejudice from this action.

It is further ordered that if Joshua chooses to file a second amended complaint, he must do so by 30 days from the date of this order… If Joshua chooses not to file an amended complaint, this action will proceed only on the following claims: (1) First Amendment retaliation; (2) Fourth Amendment unreasonable strip-search; (3) Eighth Amendment excessive-force about the October 18, 2022, incident; (4) Eighth Amendment excessive-force about the undated gassing incident; and (5) Eighth Amendment medical-indifference about chronic conditions and injuries.

*ECF No. 13 at 21-22* (emphasis added).

Plaintiff did not file an amended complaint. Therefore, the case proceeded with plaintiff's claims regarding (a) First Amendment retaliation; (b) Fourth Amendment unreasonable strip-search; (c) Eighth Amendment excessive-force about the October 18, 2022, incident; (d) Eighth Amendment excessive-

force about the undated gassing incident; and (e) Eighth Amendment medical-indifference about chronic conditions and injuries.

On September 17, 2024, plaintiff sought leave to amend his complaint. *See ECF No. 35*. Defendants opposed the motion and sought further screening of the amended complaint. *See ECF No. 48*. I granted plaintiff leave to amend because I found that (1) screening was not required and (2) defendants failed to substantively address the amendment factors. *See ECF No. 58*. Defendants objected and the district judge granted their objection in part. *See ECF No. 64*. The district judge remanded this matter to revisit defendant's merits-based arguments. *Id.* Accordingly, this decision only addresses defendants' merits-based arguments raised in their *Opposition* (ECF No. 48) to plaintiff's *Motion to Dismiss* (ECF No. 35). The district judge overruled defendants' objections to my 11/25/24 Order (ECF No. 58) as to the conclusion that the Court is not mandated to screen the proposed amended complaint under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, given the procedural posture of this case. Therefore, this decision does not revisit that conclusion.

## II. MOTION TO AMEND

### A. Legal Standard

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, once a party has amended its pleadings as a matter of course, subsequent amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### B. There Is No Undue Delay, Bad Faith, or Prejudice

There is no undue delay. *See* ECF No. 29 (deadline to amend pleading or add parties is November 14, 2024). Plaintiff filed his Motion to Amend nearly two months prior to the deadline. Defendants do not argue that plaintiff's amendment is motivated by bad faith. Defendants also do not argue that they will be prejudiced by the amendments. To the extent defendants argued they would be burdened by the expense of responding to unscreened amendments (ECF No. 48 at p. 4), this argument is unpersuasive in the context of showing prejudice in this context of opposing amendment. The Ninth Circuit has held that "litigation expenses incurred before a motion to amend is filed do not establish prejudice." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016)..

### C. No Prior Amendments

This factor considers whether plaintiff has made prior amendments weighs in favor of amendment. *See Desertrain*, 754 F.3d at 1154. Plaintiff has only filed one Amended Complaint prior to his Motion to Amend. *See* ECF No. 6. That Amended Complaint, however, was filed before the Court issued its screening Order. *See* ECF No. 13. Therefore, I consider plaintiff's Motion to Amend (ECF No. 35) as plaintiff's first substantive, and procedurally correct, effort to amend.

//

//

**D. Defendants' Merits-Based Arguments**

Defendants' merits-based arguments raised in their *Opposition* (ECF No. 48) largely concern issues of futility. Courts rarely address the issue of futility. *See Nev. Power Co. v. Trench Fr.*, 2020 U.S. Dist. LEXIS 53860, at *4 (D. Nev. March 24, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.,* 2015 U.S. Dist. LEXIS 141867, at *2 (D. Nev. Oct. 16, 2015). However, while rare, district courts may deny motions to amend "if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id.* (citations omitted).

Plaintiff seeks to add new facts and nine (9) claims in his Amended Complaint (ECF No. 35). Defendants concede to some and oppose the others. *See generally ECF No. 48*. Pursuant to the district judge's order, I revisited the issue of amendment and held a hearing on the motion. *See ECF Nos. 65, 70.*

**i.  Plaintiff's Proposed Amended Claims Nos. 1, 2, 3, 7 and 8**

During the March 7, 2025, hearing, defendants conceded that plaintiff's proposed Claims 2, 3, and 8 are not futile. *See ECF No. 70.* Defendants also conceded that plaintiff's proposed Claim 1 was sufficiently stated as to defendant Estill. *Id.; ECF No. 48.* Defendants also do not contest plaintiff's amended Claim 7 as to Portillo, Jefferson, or Moore. Because there is no undue delay, bad faith, or prejudice, I find that these amendments are proper.

Defendants argue that plaintiff did not sufficiently allege his Claim 1 as to defendants Scally, Moredo or Barth.  Specifically, defendants argue that plaintiff failed to allege sufficient facts to show supervisor liability as to defendants Scally , Moredo or Barth, or that they denied medical care to state claim against them.   I find that defendants fail to demonstrate futility and that their arguments should be raised on a motion to dismiss "in light of the more liberal standards applicable to motions to amend…." *Steward*, 2015 U.S. Dist. LEXIS 141867, at *2; *USAnovic v. Americana, LLC,* 2024 U.S. Dist. LEXIS 96210, at *9 (D. Nev. April 24, 2024) ("[W]ell settled case law dictates arguments regarding sufficiency of the pleadings is more appropriately addressed in a motion to dismiss.").  Therefore, I will allow plaintiff's proposed amended Claim 1 as to defendants Scally, Moredo and Barth.

Plaintiff's Claim 7 asserts a Fourth Amendment claim for unreasonable strip search. *See ECF No. 35-1 at 26-27*. Defendants argue that while plaintiff states a colorable claim for the unreasonable strip search as to Portillo, Jefferson, and Moore, plaintiff does not state a claim for supervisory liability for defendants Scally and Oliver. *See ECF No. 48 at 11*; *ECF No. 70*.  However, the screening order found that plaintiff could proceed on his claims for supervisory liability against Oliver and Scally. *See ECF No. 13 at 16:23-26.* Whether plaintiff sufficiently alleges facts to plead supervisory liability is a matter better addressed in a motion to dismiss. *USAnovic,* 2024 U.S. Dist. LEXIS 96210, at *9 ("[W]ell settled case law dictates arguments regarding sufficiency of the pleadings is more appropriately addressed in a motion to dismiss."). Therefore, I find that this plaintiff's proposed Claim 7 is proper under the "liberal standards applicable to motions to amend" (*Steward*, 2015 U.S. Dist. LEXIS 141867, at *2) and will allow amendment.

### ii.  Plaintiff's Proposed Amended Claims Nos. 4, 5, 6, and 9

**Claim 4.** Plaintiff appears to allege an Eighth Amendment claim for indifference to chronic medical conditions. *See ECF No. 35-1 at 16-17*. Defendants seek dismissal of this claim. *See ECF No. 48 at 10; ECF No. 70.* Defendants argue that the timeline of facts does not show there was notice, and thus the claim fails. *See ECF No. 48 at 10.* However, upon review of the prior screening order, it appears

that plaintiff is incorporating facts from his indifference claim to his chronic medical conditions claim. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'"). *See ECF No. 13 at 11-12.* The district judge previously found that plaintiff plausibly alleged that "prison staff assigned him to an upper-tier housing unit despite knowing that his medical conditions required him to be housed on a lower-tier." *ECF No. 13 at 12:11-13*. Plaintiff was allowed to proceed with his claim against the John Doe defendants. Therefore, I find that plaintiff's proposed amendment to include Claim 4 is proper under the "liberal standards applicable to motions to amend" (*Steward*, 2015 U.S. Dist. LEXIS 141867, at *2) and will allow amendment.

**Claim 5.** Plaintiff appears to allege the several defendants conspired to violate his civil rights. *See ECF No. 35-1 at 18-21*. Defendants seek dismissal of this claim. *See ECF No. 48 at 10; ECF No. 70.* Defendants argue that this claim was previously screened out and thus must be dismissed because plaintiff included no new facts. *See ECF No. 48 at 10; ECF No. 70.* I have reviewed the prior screening order and found that the claim was previously dismissed for "sparse facts and conclusory allegations." *ECF No. 13 at 16-17.* Plaintiff does not appear to allege new facts that would give rise to a colorable claim. Therefore, I find that plaintiff's proposed Claim 5 is not proper and deny amendment.

**Claim 6.** Plaintiff alleges a Fourteenth Amendment claim for denial of procedural due process in a disciplinary proceeding. *See ECF No. 35-1 at 22-25.* Defendants argue that this claim was previously screened out. *See ECF No. 48 at 11*. Defendants argue that plaintiff "failed to explain what protectable liberty interest he had in the context of the disciplinary hearing." *Id.* Upon review, I note the screening order (ECF No. 13 at 15) dismissed this claim for failing to state a protectable liberty interest and for failing to allege facts that show the hearing officer was biased. I find that plaintiff's amended complaint does not allege any new facts to show the hearing officer was biased. Plaintiff only adds that his good time credits were forfeited, however, he does not assert any new facts that the process was deficient. Therefore, I find that plaintiff's proposed Claim 6 is not proper and deny amendment.

**Claim 9.** Defendants argue that plaintiff's proposed Claim 9 is not a standalone claim but rather a summary of plaintiff's previous eight claims. *See ECF No. 48 at 12; ECF No. 70*. I agree and find that Claim 9 is not a cognizable separate claim and will not allow amendment.

### E. Amendment Of 11/25/24 Order (ECF No. 58)

Based upon the foregoing, I amend my 11/25/24 ORDER and GRANT IN PART plaintiff's Motion to Amend (ECF No. 35) as to his proposed Claims Nos. 1, 2, 3, 4, 7, and 8. I DENY IN PART plaintiff's motion to his proposed Claims Nos. 5, 6, and 9.

## III. MOTION FOR APPOINTMENT OF COUNSEL

### A. Legal Standard

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of plaintiff's success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues"). Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), citing *Wilborn, supra*, 789 F.2d at 1331.

### B. Analysis

Plaintiff argues that the complexity of the case, the need for discovery, and the difficulty in obtaining discovery warrants appointment of counsel. Plaintiff has not shown that exceptional

circumstances exist. The issues plaintiff raises are those that are present in any litigant proceeding pro se. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (finding that difficulties that are common in all litigants proceeding pro se does not qualify as exceptional circumstances); *Wilborn*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff has successfully passed screening (*See* ECF No. 13) showing that his claims are not so complex that he cannot articulate them. Therefore, plaintiff has not shown that exceptional circumstances exist. Thus, the *Motion for Appointment of Counsel* (ECF No. 66) is denied.

ACCORDINGLY,

1. **IT IS ORDERED** that the Court's previous Order (ECF No. 58) is amended as follows:
   a. Plaintiff's *Motion to Amend* (ECF No. 35) is **GRANTED IN PART** and plaintiff can amend his claims as to claims 1, 2, 3, 4, 7, and 8.
   b. Plaintiff's *Motion to Amend* (ECF No. 35) is **DENIED IN PART** and plaintiff may not amend his complaint to assert claims 5, 6 and 9.
2. **IT IS FURTHER ORDERED** that Defendants shall respond to plaintiff's Claims Nos. 1, 2, 3, 4, 7, and 8 stated in his Amended Complaint (ECF No. 59) by **April 25, 2025.**
3. **IT IS FURTHER ORDERED** that the *Motion for Appointment of Counsel* (ECF No. 66) is **DENIED**.

DATED this 2nd day of April 2025.

IT IS SO ORDERED

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.