# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KARL JOSHUA, | Case No. 2:23-cv-01087-MMD-MDC |
| Plaintiff, | ORDER |
| v. | |
| RONALD OLIVER, *et al.*, | |
| Defendants. | |

## I.    SUMMARY

Plaintiff Karl Joshua brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 59.) On August 11, 2025, the Court granted the joint motion to stay case (ECF No. 83) until December 14, 2025 and directed the parties to file a status report by the same day. (ECF No. 84.) Defendants filed a status report indicating that Plaintiff was released from NDOC custody on November 15, 2025, and that Defendants had advised Joshua to file a notice of change of address with the Court. (ECF No. 85.) On December 15, 2025 the Court warned Joshua that if he failed to file a notice of change of address by January 16, 2026 the action could be dismissed.[1] (ECF No. 87 ("Order").) That deadline expired and Joshua did not file a notice of change of address, move for an extension, or otherwise respond.

## II.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

---

[1]This Order was returned as undeliverable.

order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Joshua's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

2

F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Joshua updates his address with the Court, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception—indeed, because the Court's Order was returned as undeliverable, a second order would again be returned. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

Having thoroughly considered the dismissal factors, the Court finds that they weigh in favor of dismissal.

## III.    CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on Joshua's failure to file a notice of change of address in compliance with the Court's December 15, 2025 order (ECF No. 87).

The Clerk of Court is further directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case.

DATED THIS 21st Day of January 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE